TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Linda O'Connor*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda O'Connor, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Navient Solutions, LLC,<br>a foreign L.L.C., and<br>Equifax Information Services, LLC<br>a Georgia corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, LINDA O'CONNOR, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Navient Solutions, LLC ("Navient"), which is a foreign L.L.C. that maintains a registered agent in Maricopa County, Arizona; and

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona.

2

## <u>GENERAL ALLEGATIONS</u>

6. Navient is reporting its trade lines ("Errant Trade Lines") on Plaintiff's Equifax credit file with an incorrect balance, past due amount, and an incorrect pay status of "Charged Off Account."

7. All of this information is false as Mrs. O'Connor included the accounts that are the subject of the Errant Trade Lines in her Chapter 7 Bankruptcy.

8. Mrs. O'Connor cosigned for two personal loans for her daughter with Sallie Mae in 2005 and 2008.

9. In February 2010, Mrs. O'Connor filed Chapter 7 Bankruptcy, and it was discharged in June 2010.

10. In October 2012, Mrs. O'Connor's bankruptcy attorney sent a letter to Integrity Financial Partners, Inc., which had the two loans at that time, stating that the loans were discharged in her bankruptcy.

11. On or about April 25, 2017, Mrs. O'Connor obtained her credit files and noticed that Navient was reporting the Errant Trade Lines.

12. On or about May 10, 2017, Linda O'Connor submitted a letter to Equifax, disputing the Errant Trade Lines.

13. Upon information and belief, Equifax forwarded Mrs. O'Connor's dispute to Navient.

14. Mrs. O'Connor did not receive reinvestigation results from Equifax.   On or about June 21, 2017, Mrs. O'Connor obtained her Equifax credit file, which showed that Navient continued to report the Errant Trade Lines.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax of Mrs. O'Connor's consumer dispute of the incorrect balance, past due amount, and incorrect pay status of the Errant Trade Lines, Navient negligently failed to conduct a proper investigation of Mrs. O'Connor's dispute as required by 15 USC 1681s-2(b).

18. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its investigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to correct the balance, past due amount, and incorrect pay status of the Errant Trade Lines.

19. The Errant Trade Lines are inaccurate and creating a misleading impression on Mrs. O'Connor's consumer credit file with Equifax to which it is reporting such trade lines.

20. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Mrs. O'Connor has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Navient is liable to Mrs. O'Connor by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mrs. O'Connor has a private right of action to assert claims against Navient arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navient for damages, costs, interest, and attorneys' fees.

## COUNT II

5

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax that Mrs. O'Connor disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Mrs. O'Connor's dispute.

25. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b), and failed to direct Equifax to correct the balance, past due amount and incorrect pay status of the Errant Trade Lines.

26. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Mra. O'Connor has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Navient is liable to Mrs. O'Connor for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

6

## **COUNT III**

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. O'Connor as that term is defined in 15 USC 1681a.

30. Such reports contained information about Mrs. O'Connor that was false, misleading, and inaccurate.

31. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. O'Connor, in violation of 15 USC 1681e(b).

32. After receiving Mrs. O'Connor's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. O'Connor has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

34. Equifax is liable to Mrs. O'Connor by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. O'Connor as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mrs. O'Connor that was false, misleading, and inaccurate.

38. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. O'Connor, in violation of 15 USC 1681e(b).

39. After receiving Mrs. O'Connor's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. O'Connor has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Equifax is liable to Mrs. O'Connor by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED: June 28, 2017



KENT LAW OFFICES

9

1

2          By: _/s/  *Trinette G. Kent*_____
          Trinette G. Kent
3          Attorneys for Plaintiff,
          Linda O'Connor
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28